52 F.3d 1123
 311 U.S.App.D.C. 278
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
PROFESSIONAL AIRWAYS SYSTEMS SPECIALISTS, MEBA, AFL-CIO, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
 No. 94-1136.
 United States Court of Appeals, District of Columbia Circuit.
 April 5, 1995.
 
 FLRA [APPEALING AFTER REMAND, 966 F.2d 702].
 PETITION DENIED.
 Before BUCKLEY, GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the Federal Labor Relations Authority and on the briefs and oral arguments of counsel. After full review, the court is satisfied that appropriate disposition of the case does not warrant an opinion. See D.C.Cir.R. 36(b).
 
 
 2
 For the reasons set forth in the attached memorandum, it is
 
 
 3
 ORDERED AND ADJUDGED by the court that the petition for review be denied.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 5
 The Professional Airways System Specialists, MEBA, AFL-CIO ("PASS"), the exclusive bargaining representative of certain Federal Aviation Administration ("FAA") employees, petitions for review of a Federal Labor Relations Authority Decision and Order denying PASS's request for a suspension of the FAA's random drug testing program pending the completion of bargaining over the negotiable aspects of the program. For the reasons described below, the petition is denied.
 
 I. BACKGROUND
 
 6
 In May 1991, the Authority determined that the FAA had committed an unfair labor practice in violation of sections 7116(a)(1) and (5) of the Federal Service Labor-Management Relations Statute by implementing a program for the random drug testing of certain categories of FAA employees prior to the completion of bargaining over the implementation and effects of the program. Department of Transportation and FAA, 40 FLRA No. 61 (May 3, 1991). Nonetheless, the Authority refused to issue a status quo ante remedy--in this case, a suspension of the random testing program pending the completion of negotiations--because of its belief that the "FAA ha[d] a particularly urgent need to ensure a drug-free workplace ... [in light of] the paramount and incontrovertible need to ensure the integrity of the aviation safety and control system." Id. at 31. Therefore, instead of ordering the suspension of the program (which it concluded "would be detrimental to the efficiency and effectiveness of FAA's operations," id.), the Authority issued a prospective bargaining order and required the FAA to post a remedial notice. Id.
 
 
 7
 In 1992, we granted PASS's petition for review of the Authority's decision not to order status quo ante relief and remanded the question to the Authority for further consideration. Professional Airways Systems Specialists Division, District No. 1--MEBA/NMU v. FLRA, No. 91-1310 (D.C.Cir. June 22, 1992). We held that its finding of a "particularly urgent need" was not supported by substantial evidence in the record. Id. at 3. We also found the Authority's explanation for why it failed to order a status quo ante remedy to be inadequate in light of its apparently inconsistent finding that the FAA should have refrained from implementing the random testing program until bargaining with PASS had been completed. Id. at 4.
 
 
 8
 On remand, the Authority found that all the employees were engaged in work that affected the public safety and that the results of the interim testing had validated its earlier finding that the program served an urgent public need. Accordingly, it again declined to order a status quo ante remedy for the FAA's commission of an unfair labor practice. Department of Transportation and FAA, 48 FLRA No. 129 (Dec. 27, 1993).
 
 II. DISCUSSION
 
 9
 The FLRA has broad authority to fashion remedies for unfair labor practices; accordingly, judicial review of the Authority's determination of a proper remedy is extremely narrow. National Treasury Employees Union v. FLRA, 910 F.2d 964, 966-67 (D.C.Cir.1990). When the Authority finds that an illegal agency action disturbs the status quo but does not order a status quo ante remedy, we do, however, require it to explain why. Id. at 969. This is necessary if we are to fulfill our statutory obligation to set aside Authority actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C. Secs. 706, 7123(c) (incorporating Sec. 706 standard by reference). As we are convinced by the Authority's explanation on remand that its refusal to order the suspension of the random drug testing program is not arbitrary, we defer to its judgment.
 
 
 10
 As an initial matter, the Authority concluded that the tasks assigned to all PASS members subject to random drug testing implicate air transportation safety. 48 FLRA No. 129 at 3. The Administrative Law Judge's careful analysis of the responsibilities of the various job classifications involved and the expert testimony upon which he relied provides substantial evidence for this finding.
 
 
 11
 While PASS is correct that some tension remains between the Authority's conclusion that the FAA should have refrained from implementing the drug testing program prior to the commencement of negotiations and its finding that suspension of that program today would be unwise, we are satisfied that the Authority has provided a reasonable explanation for its decision: Random testing has proven--by a margin of 50 to 1--to be a more effective means for detecting drug use than the "reasonable suspicion" testing on which the FAA had previously relied; the decline in the rate of positive drug tests at the FAA over the life of the random testing suggests that the new program has been effective in curbing drug use; and the suspension of an existent and effective drug testing program would be likely to undermine public confidence in the FAA's safety precautions. Id. at 3-4. Whether, as PASS argues, the relatively low rate of drug use within the FAA and the redundancy of systems operated and maintained by PASS members renders acceptable the risks associated with suspending the random testing program pending bargaining calls for a policy judgment that is beyond both the institutional competence and statutory authority of the courts.
 
 Accordingly, the petition for review is
 
 12
 Denied.